Peck, J.,
delivered the opinion of the court.
By the act limiting the time within which surveys shall be made, the entry becomes void, as to subsequent enter-ers of the same land, if not surveyed within one year. But this act by construction only makes the entry void in favor of a subsequent enterer. If surveyed in pursuance of the entry, and a grant issue, it will relate to the entry, even though the year may have expired, there being no subsequent enterer. Then the question in this case is, did the enterer of the one hundred acres pursue his entry in making his survey? The jury find he did. He had, it is true, the youngest entry but eldest survey, yet his right is perfect under his entry and survey, the cave-atees riot having entered after the expiration of the year. Does the survey of two hundred acres interfere?' The jury find it does sixty and a half acres, and that the survey does not pursue the entry of the caveatees. This is conclusive of the case. The survey is void so far as it interferes, and the extent of the interference is sufficiently proved; for as the caveatees have abandoned their entry in making their suiVey, the caveator cannot bo prejudiced, who has entry and survey correspondent therewith. Wo are of opinion that the circuit court did right, and affirm the judgment.
Judgment affirmed.